Fob JAMES, as Governor, and on Behalf of the STATE OF ALABAMA, and its citizens; Alabama Medical Services Administration; and Rebecca B. Beasley, Commissioner, Medical Assistance, Plaintiffs-Appellants,

v.

Richard S. SCHWEIKER, Secretary of Health and Human Services; Leonard D. Schaeffer, Administrator, Health Care Financing Administration; Virginia M. Smyth, Regional Administrator, Region IV, Defendants-Appellees.

No. 80–7990
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit B

July 13, 1981.

Ira DeMent, Sp. Counsel, Montgomery, Ala., for F. James.

Herman H. Hamilton, Jr., Sp. Asst. Atty. Gen., Shepard D. Ashley, Montgomery, Ala., for plaintiffs-appellants.

Elizabeth N. Petree, Asst. Atty. Gen., Montgomery, Ala., for Alabama Medical Services Administration.

Kenneth E. Vines, Asst. U. S. Atty., Montgomery, Ala., F. Richard Waitsman, Asst. Reg. Atty., Atlanta, Ga., for defendants-appellees.

Before TJOFLAT, VANCE and THOMAS A. CLARK, Circuit Judges.

PER CURIAM:

Affirmed on the basis of the Memorandum Opinion of the district court, *James v. Harris*, 499 F.Supp. 594 (M.D.Ala.1980).

AFFIRMED.

Joe B. COOK, Petitioner,

v.

Charles MONTGOMERY, Warden, and the Attorney General of the State of Georgia, Respondents.

No. 80–7981
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit B

July 13, 1981.

Cook & Palmour, Bobby Lee Cook, L. Branch, S. Connelly, Summerville, Ga., for petitioner.

Harrison Kohler, Asst. Atty. Gen., Atlanta, Ga., for respondents.

Before TJOFLAT, VANCE and THOMAS A. CLARK, Circuit Judges.

PER CURIAM:

The sole issue raised by this habeas corpus petition is the sufficiency of the evidence to sustain petitioner's state court conviction for murder. The district court reviewed the evidence under the strict standard established by *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), and concluded that "a rational trier of fact could have found the Petitioner guilty beyond a reasonable doubt ...." Record at 264. We also have reviewed the evidence, and assuming without deciding that the *Jackson* standard applies, reach the same conclusion. On the record before us, we conclude that a rational trier of fact could have found petitioner guilty of the charge beyond a reasonable doubt.

AFFIRMED.